## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JERRY RODRIGUEZ, MARSHA RODRIGUEZ, *individually and as next friend of* L.L.S.*, a minor,* **and** ELVIA RODRIGUEZ,<br><br>   *Plaintiffs,*<br>**v.**<br><br>UNITED STATES OF AMERICA,<br><br>   *Defendant.* | § § § § § § § § § § § § | EP-24-CV-420-KC |

### REPORT AND RECOMMENDATION

Plaintiffs Jerry Rodriguez, Marsha Rodriguez, individually and as next friend of L.L.S., a minor, and Elvia Rodriguez, bring this personal injury action against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiffs claim that they were injured in a collision caused by a United States Border Patrol (USBP) agent during a pretextual traffic stop targeting suspected undocumented non-citizens. Am. Compl. ¶ 12, ECF No. 3.

Before the Court is Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)" ("Motion") (ECF No. 11), seeking dismissal of Plaintiff's FTCA claim for lack of subject matter jurisdiction. Defendant argues—with supporting exhibits—that the collision involved a Texas Department of Public Safety (DPS) officer, not a USBP agent. So, it contends that sovereign immunity is not waived under the FTCA because the incident did not involve an "[e]mployee of the government" under 28 U.S.C. § 2671. *See* Mot. at 3–9, ECF No. 11. The Honorable District Judge Kathleeen

Cardone referred Defendant's Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).

After reviewing the pleadings and briefing, the Court agrees with Defendant that Plaintiffs' amended complaint should be dismissed for lack of subject matter jurisdiction.

In both their response to Defendant's Motion and their later motion for leave to file a second amended complaint, Plaintiffs concede that a DPS officer—not a USBP agent—caused the alleged collision. *See* Resp. in Opp'n at 1–6, ECF No. 19; Pls.' Mot. for Leave to File Second Am. Compl., Ex. 1 at 1–5, ECF No. 18-1. Indeed, in their proposed second amended complaint, Plaintiffs sought to address the issues raised in Defendant's Motion—and avoid dismissal—by alleging that the DPS officer involved was acting under USBP control at the time of the collision. *See* Pl.'s Mot. for Leave to File Second Am. Compl., Ex. 1 at 1–5.

But on March 11, 2026, the Court denied Plaintiffs' motion for leave to amend, concluding that the proposed amendment was futile because Plaintiffs failed to plausibly allege facts showing that the DPS officer was a federal employee for FTCA purposes. *See generally* Mem. Op. and Order, ECF No. 26.

So, as Defendant points out, because Plaintiffs concede that they wrongly allege that a USBP agent caused the collision—when, in fact, it was a DPS officer who, as the Court has already ruled, was not a federal employee—then the Court lacks subject-matter jurisdiction over their FTCA claim. *See Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (FTCA waives immunity only for acts of federal

employee acting within the scope of employment; otherwise, courts lack subject-matter jurisdiction).

## RECOMMENDATION

Thus, the undersigned Magistrate Judge **RECOMMENDS** the Honorable District Judge Kathleen Cardone to **GRANT** Defendant United States's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)" (ECF No. 11).

**So ORDERED and SIGNED this 11th day of March 2026.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**